UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE, <br><br>      PLAINTIFF, <br><br> v. <br><br> PHOENIX REHABILITATION AND NURSING CARE, INC. d/b/a PHOENIX REHABILITATION AND NURSING CARE, <br><br>      Service of Summons for: <br>      Jay Walden, Registered Agent <br>      202 E. North Street <br>      Grayville, IL 62844 <br><br>      DEFENDANT. | Case No. _____ |

## COMPLAINT

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare ("RehabCare"), states as follows for its Complaint against Defendant, Phoenix Rehabilitation and Nursing Care, Inc. d/b/a Phoenix Rehabilitation and Nursing Care ("Phoenix"):

### NATURE OF THE ACTION

1.    This action arises out of Phoenix's failure to pay RehabCare for therapy services provided by RehabCare to patients of Phoenix.

### THE PARTIES

2.    RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky.  RehabCare provides therapy services to residents of long-term care and skilled nursing facilities.

3.       Phoenix is an Illinois not-for-profit corporation with its principal place of business in Carmi, Illinois.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy collectively exceeds $75,000 exclusive of interest and costs.

5.       This Court has personal jurisdiction over Phoenix because Phoenix is an Illinois corporation, and it transacts business in this state.

6.       Venue is proper in this Court because Phoenix conducts business in this judicial district and division, and the acts giving rise to this Complaint occurred in this judicial district.

## STATEMENT OF FACTS

7.       On or about November 12, 2014, RehabCare entered into an agreement, as modified from time to time, with Phoenix to provide therapy services to patients at Phoenix's facility (the "Therapy Services Agreement").[1]

8.       RehabCare performed all obligations required of it under the Therapy Services Agreement, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

9.       Pursuant to the Therapy Services Agreement and RehabCare's performance thereunder, Phoenix is obligated to pay for the services provided by RehabCare.

10.       Despite repeated demands for the sums due and owing under the Therapy Services Agreement, Phoenix has failed and refused to pay for services provided by RehabCare.  The outstanding balance is accruing interest pursuant to the terms of the Therapy Services Agreement.

---

[1] The Therapy Services Agreement contains confidential information, including pricing information and has not been attached.  A copy can be provided to the Court and Phoenix upon request and subject to appropriate confidentiality protections.

11.     RehabCare conferred with Phoenix numerous times regarding the outstanding invoices for services provided and amounts past due and made repeated demands for payment.

12.     During conferences between RehabCare and Phoenix, Phoenix represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services in accordance with the Therapy Services Agreement.

13.     RehabCare relied upon Phoenix's representations in continuing to provide services.

14.     Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Phoenix failed to pay for services provided by RehabCare.

15.     Phoenix induced RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Therapy Services Agreement.

16.     Upon information and belief, Phoenix has been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and has directly or indirectly benefitted from such reimbursement.

## COUNT I – BREACH OF CONTRACT

17.     RehabCare incorporates by reference the allegations previously set forth above.

18.     Without legal justification or excuse, Phoenix materially breached the Therapy Services Agreement with RehabCare by failing to perform its obligations thereunder.

19.     As a direct and proximate result of Phoenix's breach of the Therapy Services Agreement, RehabCare has suffered damages.

20.     Through July 31, 2015, Phoenix owes RehabCare $133,529.05 for goods and services provided by RehabCare to Phoenix under the Therapy Services Agreement and for which Phoenix has not paid.

21.     Interest is accruing at 18% per annum on the unpaid balance of invoices, as per the Therapy Services Agreement.

22.     Pursuant to the Therapy Services Agreement, RehabCare is entitled to recover its attorneys' fees and costs of collection.

WHEREFORE, RehabCare requests judgment against Phoenix as follows:

A.   An award of damages in an amount to be proven at trial;

B.   RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of this action; the imposition of a constructive trust on sums received by Phoenix as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Phoenix;

C.   Pre-judgment and post-judgment interest; and

D.   All other relief to which RehabCare may be entitled.

### COUNT II – PROMISSORY ESTOPPEL

23.     In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

24.     Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference the allegations set forth above.

25.     Phoenix made promises to RehabCare for the purpose of inducing it to continue providing services to Phoenix.

26.     RehabCare reasonably relied upon such promises made by Phoenix.

27.     Phoenix's promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare, and RehabCare is entitled to recover damages in an amount to be proven at trial.

WHEREFORE, RehabCare requests judgment against Phoenix as follows:

A.   An award of damages in an amount to be proven at trial;

B.  RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of this action; the imposition of a constructive trust on sums received by Phoenix as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Phoenix;

C.  Pre-judgment and post-judgment interest; and

D.  All other relief to which RehabCare may be entitled.

### COUNT III – UNJUST ENRICHMENT

28.     In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

29.     Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference the allegations set forth above.

30.     RehabCare has provided valuable services to Phoenix for which it has not been paid.

31.     RehabCare's services were rendered under circumstances pursuant to which Phoenix reasonably should have expected RehabCare would expect to be compensated.

32.     Phoenix has knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and has wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

33.     Consequently, Phoenix has been unjustly enriched through the receipt of such services and at the expense of RehabCare.

34.     Furthermore, Phoenix has a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid invoices as required by the Therapy Service Agreement.  *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1.; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

35.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Phoenix as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

WHEREFORE, RehabCare requests judgment against Phoenix as follows:

A.  An award of damages in an amount to be proven at trial;

B.  RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of this action; the imposition of a constructive trust on sums received by Phoenix as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Phoenix;

C.  Pre-judgment and post-judgment interest; and

D.  All other relief to which RehabCare may be entitled.

### COUNT IV – ACCOUNT STATED

36.     In the alternative to Counts I-III, RehabCare asserts this claim for Account Stated.

37.     Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference the allegations set forth above.

38.     Pursuant to the Therapy Services Agreements, Phoenix agreed to pay RehabCare for the services RehabCare provided to Phoenix.

39.     RehabCare delivered invoices for services rendered by RehabCare to Phoenix.

40.     Phoenix, without justification, excuse, or dispute of such invoices, has not paid RehabCare any part of the amount invoiced and has acquiesced to the accuracy of the account by failing to timely object.

WHEREFORE, RehabCare requests judgment against Phoenix as follows:

A.  An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of this action; the imposition of a constructive trust on sums received by Phoenix as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Phoenix;

C. Pre-judgment and post-judgment interest; and

D. All other relief to which RehabCare may be entitled.

Respectfully submitted,

/s/ Matthew S. Darrough
Matthew S. Darrough, IL #6257045
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6552
Facsimile: (314) 552-7552
mdarrough@thompsoncoburn.com

-and-

Phillip A. Martin
Laura M. Brymer (to seek admission *pro hac vice*)
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Ste. 2700
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
pmartin@fmdlegal.com
lbrymer@fmdlegal.com

*Counsel for Plaintiff*